# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2016

## JAMES W. CLARK, JR. v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 91-07308-14     James M. Lammey, Jr., Judge

---

### No. W2015-01828-CCA-R3-PC - Filed August 30, 2016

---

The pro se petitioner, James W. Clark, Jr., appeals the dismissal of his petition for writ of error coram nobis, motion to reopen his post-conviction petition, petition for writ of habeas corpus, and Tennessee Rule of Criminal Procedure 36.1 motion for correction of an illegal sentence. We affirm the summary dismissal of the petitions and motions pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James W. Clark, Jr., Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen C. Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

## <u>MEMORANDUM OPINION</u>

In 1992, the petitioner and a co-defendant, Richard[1] Honaker, were each convicted by a Shelby County jury of two counts of aggravated burglary, two counts of especially aggravated burglary, and three counts of theft. The petitioner was also convicted of two counts of attempted first degree murder, while Mr. Honaker was convicted of two counts

---

[1] We note that the co-defendant's first name appears both as "Richard" and "Ronald" in prior cases.

of attempted second degree murder. The petitioner received a cumulative sentence of 127 years, while Mr. Honaker received a cumulative sentence of forty years. The convictions and sentences were affirmed by this court on direct appeal, and our supreme court denied application for permission to appeal. State v. James Clark and Richard Gene Honaker, No. 02C01-9206-CR-00149, 1993 WL 414015, at *1 (Tenn. Crim. App. Oct. 20, 1993), perm. app. denied concurring in results only (Tenn. May 16, 1994).

This court provided the following succinct account of the crimes in an opinion in which we dismissed the petitioner's appeal of the trial court's denial of a 2003 motion to correct an illegal sentence:

> In 1991, the petitioner and a co-defendant, Ronald Honaker, were arrested while attempting to sell stolen items to the manager of a pawn shop. State v. James Clark and Ronald Gene Honaker, No. 02C01-9206-CR-00149 (Tenn. Crim. App., at Jackson, Oct. 20, 1993), slip op. at 2-3. After being handcuffed and placed in the back seat of a patrol car, the petitioner managed to free one hand, remove a .25 caliber pistol, and shoot one of the officers transporting him twice in the head. Slip op. at 3-4. The other officer jumped from the vehicle but was shot once in the back of the head before the petitioner drove away in the patrol car. Id. A short while later, the petitioner was apprehended by police and he ultimately confessed to his crimes. Id. The record indicates that the petitioner was convicted of two counts of aggravated burglary, two counts of especially aggravated robbery, three counts of theft over $1,000, and two counts of attempt to commit first degree murder. The petitioner qualified as a career offender on a portion of the offenses and a Range III persistent offender on others. The effective sentence imposed was 127 years.

James Clark v. State, No. W2004-00326-CCA-R3-CD, 2004 WL 1870059, at *1 (Tenn. Crim. App. Aug. 18, 2004), perm. app. denied (Tenn. Feb. 28, 2005).[2]

The petitioner has filed a number of civil and criminal legal actions over the years, including: the 2003 motion to correct illegal sentence, cited above, see id.; a 2007 petition for post-conviction relief, see James W. Clark, Jr. v. State, No. W2007-01260-CCA-R3-PC, 2009 WL 2991518, at *1, 6 (Tenn. Crim. App. Sept. 18, 2009), perm. app. denied (Tenn. Mar. 15, 2010); and a 2013 petition for writ of error coram nobis, see James Clark v. State, No. W2014-00514-CCA-R3-ECN, 2015 WL 177076, at *1-2 (Tenn. Crim. App. Jan. 14, 2015).

---

[2] We note that this case has been designated as "not for citation" by the Tennessee Supreme Court.

In May 2015, the petitioner apparently filed the various pleadings that form the basis for the current appeal: a petition for writ of error coram nobis, which does not bear a file date stamp but which, according to the certificate of service, the petitioner mailed to the court clerk's office on May 6, 2015; a petition for writ of habeas corpus, which, again, does not bear a file date stamp but which, according to the certificate of service, the petitioner mailed on May 6, 2015; a motion to reopen the post-conviction petition, which was filed on May 13, 2015; a motion to amend the petition for writ of habeas corpus, which was filed on May 18, 2015; and a motion to correct illegal sentence, which, according to the certificate of service, the petitioner mailed to the clerk's office on May 6, 2015. In these various pleadings, the petitioner complains, among other things, about his sentencing as a persistent and career offender, the fact that the jury was not instructed on range of punishment and release eligibility dates, his trial counsel's failure to interview witnesses the petitioner claims would have provided an alibi to the burglary offenses, and his consecutive sentences. The petitioner alleges in the petition for writ of error coram nobis, as he did in his 2013 petition for writ of habeas corpus, that he has newly discovered evidence of actual innocence, in the form of his co-defendant's admission that the petitioner did not participate in the burglaries. In the motion to reopen his post-conviction petition, the petitioner alleges ineffective assistance of counsel for failing to adequately investigate the case or properly investigate the presentence hearing to show that the prior convictions on which the State based its notice of enhanced punishment were "void and otherwise illegal," newly discovered evidence in the form of his co-defendant's admission that the petitioner did not participate in the burglaries, and newly discovered evidence of one of the police officer victim's alleged 1986 arrest and indictment for aggravated rape.

On August 21, 2015, the trial court entered an order summarily dismissing the petition for post-conviction relief as time-barred, the petition for writ of error coram nobis on the basis of the similar petition having been recently denied, the petition for writ of habeas corpus on the basis it failed to state a proper ground for habeas corpus relief, and the motion to correct an illegal sentence on the basis that it failed to present a colorable claim for relief. Thereafter, the petitioner filed a timely appeal to this court.

Having reviewed the various petitions and motions filed by the petitioner in this case, we conclude that the trial court properly dismissed them without a hearing on the bases stated in its order. In these various petitions and motions, the petitioner appears to be attempting to relitigate issues that have either previously been determined or waived due to his failure to file timely petitions. Accordingly, we affirm the judgment of the trial court summarily dismissing the motion to reopen the petition for post-conviction relief, the petition for writ of error coram nobis, the petition for writ of habeas corpus, and the motion to correct an illegal sentence.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

4